UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN THOMAS GEORGE,

    Petitioner,

v.

    Case No. 2:19-cv-13485
    Honorable Nancy G. Edmunds
    United States District Court Judge

MICHELLE FLOYD,

    Respondent,
_____/

**OPINION AND ORDER: (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

John Thomas George, ("Petitioner"), incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner does not specify in his petition his conviction or sentence, although he indicates that it was out of the Bay County Circuit Court. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted on his plea of *nolo contendere* in the Bay County Circuit Court to first-degree criminal sexual conduct and was sentenced to 16 years, 8 months to 25 years in prison. For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED WITH PREJUDICE.

## I. BACKGROUND

Petitioner pleaded *nolo contendere* to first-degree criminal sexual conduct in the Bay County Circuit Court and was sentenced on November 20, 2006 to sixteen years,

eight months to twenty five years in prison. Petitioner's conviction was affirmed. *People v. George,* No. 279411 (Mich.Ct.App. Sept. 14, 2007); *lv. den.* 480 Mich. 1033 (2008).

Petitioner's current habeas petition is rambling and difficult to understand. Petitioner, however, appears to argue that the state courts lacked jurisdiction over his case and that the first-degree criminal sexual conduct statute that he was convicted under was improperly enacted.

## II. Discussion

A petition for a writ of habeas corpus must allege facts that establish a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts shall also dismiss any habeas petition that is legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Crump v. Lafler,* 657 F.3d 393, 396, n. 2 (6th Cir. 2011); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, indicated a long time ago that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.3d 134, 140 (6th Cir. 1970). A district court therefore shall screen out any habeas corpus petition which is meritless on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

2

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See e.g. McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976); *See also Daniel v. McQuiggin,* 678 F. Supp. 2d 547, 553 (E.D. Mich. 2009). The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin,* 27 F. App'x. 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 F. App'x. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

To the extent that petitioner claims that the felony complaint was jurisdictionally defective under Michigan law, it is not cognizable in federal habeas corpus review. *See Hogan v. Ward,* 998 F. Supp. 290, 295 (W.D.N.Y. 1998); *See also Lane v. Booker,* No. 2006 WL 288071, *1 (E.D. Mich. Feb. 6, 2006). In any event, a criminal court in Michigan does not lose jurisdiction over a criminal case merely because the criminal complaint was

3

somehow defective. *See People v. Payne*, No. 2000 WL 33400212, * 3 (Mich.Ct.App. Nov. 28, 2000); *People v. Mayberry*, 52 Mich. App. 450, 451; 217 N.W.2d 420 (1974)(both citing *People v. Burrill*, 391 Mich. 124, 133; 214 N.W. 2d 823 (1974)).

Petitioner appears to argue that the circuit court lacked jurisdiction because insufficient evidence was presented at the preliminary examination to bind him over for trial. A prior judicial hearing is not a prerequisite to prosecution by information. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). There is no federal constitutional right to a preliminary examination. *United States v. Mulligan*, 520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965). Petitioner's claim that the trial court lacked jurisdiction because there was insufficient evidence presented at his preliminary examination to bind him over for trial thus raises only a matter of state law and procedure that cannot form a basis for federal habeas relief. *See Tegeler v. Renico*, 253 F. App'x. 521, 525-26 (6th Cir. 2007).

Petitioner's related allegation that the Michigan Legislature violated Article IV of the Michigan Constitution in enacting the first-degree criminal sexual conduct statute is not cognizable on habeas review because it raises an issue of state law. State officials are not required to follow their own procedural statutes and rules as a matter of federal due process. *Sweeton v. Brown*, 27 F. 3d 1162, 1165 (6th Cir. 1994)(en banc); *See also Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005). In addition, a habeas petitioner is not entitled to habeas relief based upon an alleged violation of the Michigan Constitution. *See Hudson v. Berghuis*, 174 F. App'x. 948, 952, n. 1 (6th Cir. 2006);*See also Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner is not entitled to federal habeas relief on his claim that Michigan's first-degree criminal sexual conduct

statute was improperly enacted or lacked a title in violation of Article IV of Michigan's Constitution, because his claims implicate only an alleged error of state law. See *Samel v. Jabe*, 918 F. 2d 958 (Table); No. 1990 WL 179686, * 1 (6th Cir. Nov. 19, 1990); See also *Taylor v. Lecureux*, 54 F.3d 777 (Table); No. 1995 WL 290271, * 3 (6th Cir. May 11, 1995)(claim that Michigan's laws regarding criminal sexual conduct were adopted contrary to the Michigan Constitution not cognizable in federal habeas review as it merely presented an issue of state law); *Jackson v. Rivard*, No. 11-CV-14906, 2011 WL 6217431, at * 1-2 (E.D. Mich. Dec. 14, 2011)(petitioner's claim that the breaking and entering statute that he was convicted under lacked an enacting clause or title non-cognizable on habeas review); *Cable v. Woods*, No. 2010 WL 502722, * 2 (W.D. Mich. Feb. 5, 2010)(rejecting as frivolous petitioner's claim that Michigan's criminal sexual conduct statutes were not enacted in compliance with Article 4 of the Michigan Constitution). As one court has noted: "[t]he United States Constitution does not require that codification of statutes include enacting clauses and titles of the legislation." See *United States v. Ramanauskas*, No. CRIM.04-04 PAM/RLE, 2005 WL 189708, * 2 (D. Minn. Jan. 21, 2005).

### III. A certificate of appealability.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists

would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

/s/ Nancy Edmunds
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT COURT JUDGE

Dated: 12-10-19